[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE
The State of Connecticut has alleged the following facts in its complaint. The State of Connecticut through its Public Defender Services Commission is authorized to enforce and collect all claims for monies due the State of Connecticut under section 51-298 of the Connecticut General Statutes. On January 8, 1990, the defendant Richard B. Crafts was convicted of murdering his wife, Helle L. Crafts, and he is currently incarcerated at Somers Correctional Center pending his appeal. The plaintiff's Division of Public Defender Services provided legal and investigative services in defendant's defense against the criminal charges facing him and incurred out-of-pocket expenses for such services with more anticipated. The plaintiff makes a claim against the defendant for the reimbursement of such funds under section 51-298.
The defendant has moved to strike the plaintiff's complaint claiming that the plaintiff's complaint is insufficient in that it fails to make an allegation that the defendant is financially able to meet all or some of the costs of services rendered and that there is no allegation that an investigation of the defendant's financial status was conducted. The defendant also claims that the state has failed to make a claim of damages caused in its complaint.
A motion to strike properly tests the legal sufficiency of a pleading. Mingachos v. CBS, Inc. , 196 Conn. 91, 108
(1985). The complaint must be construed in the light most favorable to the pleader. Id. The motion does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Id. The motion does, however, admit all well-pleaded facts and those facts necessarily implied from the allegations of the complaint. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 208 (1987).
The statute under which the plaintiff seeks recovery reads as follows:
 Sec. 51-298. Reimbursement of commission by financially able defendants. Actions by attorney general. (a)(1) If at any time, either during or after the disposition of his case, a defendant who is receiving or has received public defender services based on his indigency becomes financially able to meet all or some part of the cost of the services rendered to him, he shall be required to reimburse the commission, in such amounts as he can reasonably pay, either by a single payment or by instalments of reasonable amounts, in accordance CT Page 4941 with such a schedule of charges public defender services prepared by the commission. (2) Difficulty or failure in the making of payment shall not reduce or in any way affect the rendering of public defender services to the person.
 (b) The commission shall have a claim against any person represented by a public defender, assistant public defender or deputy assistant public defender pursuant to this chapter, for the reasonable value of services rendered to him, as determined in accordance with the schedule of reasonable charges for public defender services provided by the commission. The claims shall be enforceable by civil action brought in the name of the state on behalf of the commission by the attorney general, at any time within ten years from the last date on which any services were rendered. Money so recovered shall be repaid to the commission. The attorney general shall do all things necessary and proper to collect all money due to the commission by way of reimbursement for services rendered pursuant to this chapter. He shall have all the remedies and may take all necessary proceedings for the collection of amounts due which may be had or taken for or upon the recovery of a judgment in a civil action and may institute and maintain any action or proceeding in the courts necessary therefor. In any such proceedings or action, the defendant may contest the value of the services rendered pursuant to this chapter by any public defender, assistant public defender or deputy assistant public defender.
 (c) The attorney general may compromise and make settlement of, or with the concurrence of the chief public defender, forego any claims for services performed for any person pursuant to this chapter whenever the financial circumstances of a person are such that the best interest of the state will be served by such action.
The defendant alleges that the complaint is insufficient in that it fails to allege that the defendant is financially CT Page 4942 able to meet all or any portion of the cost of services rendered. Since the plaintiff makes claim against the defendant under the aforesaid statute, subsection (a) covers the allegation of financial ability. Therefore, defendant's motion to strike on the ground of failing to allege financial ability must fail. Defendant's claim of proof of indigency in other litigation are outside the pleadings in this case and should not be considered in his motion to strike, but should more appropriately be raised by asserting such claims by way of special defense or by a motion for summary judgment after the pleadings are closed. Furthermore, whether plaintiff is proceeding under subsection (a) or (b), or both, should be raised by a request to revise rather than a motion to strike.
With regard to defendant's assertion that the plaintiff has failed to allege that an investigation was conducted concerning defendant's financial status or ability to meet the cost of services rendered, the court notes there is no such requirement under the provisions of section 51-298.
Lastly, the state alleges in its complaint that it has spent sums of money on Crafts' defense and that more in expenses is anticipated. The state claims reimbursement for this amount under section 51-298 seeking money damages including interest and costs. Under such alleged facts, the defendant's assertion that the state has failed to make a claim for damages is unavailing.
For the foregoing reasons, the defendant's motion to strike is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE